IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HERMAN MACKEY and SUSAN MACKEY,
Individually and as Next Friend of
KIRKLAND MACKEY and KERTRON
MACKEY, Minor Children,

       Plaintiffs,

vs.                                           Civ. No. 04-0369 JP/ACT

TOMMY ISAACS and DECKER TRUCK
LINE, INC.,

       Defendants.

MEMORANDUM OPINION AND ORDER

On April 25, 2005, the Defendants filed a Motion to Exclude Testimony of Expert Arthur

L. Atkinson (Doc. No. 48).  Mr. Atkinson is a transportation/motor fleet safety expert.  In

response to this motion, the Plaintiffs request that if the Court limits the testimony of Mr.

Atkinson, the Court should likewise limit the testimony of Defendants' expert, J. T. Hayes, to

only those opinions stated in his expert report.[1]  Having considered the briefs and relevant law,

the Court finds that Mr. Atkinson should not be allowed to testify regarding Defendant Isaacs'

rate of speed prior to the accident at issue nor should Mr. Atkinson be allowed to testify about

Defendant Isaacs' possible mental or physical impairment just prior to the accident.  The Court

also finds that the Plaintiffs' request to limit Mr. Hayes' expert testimony should be denied.

---

[1]Defendants' expert report was due on December 21, 2004.  Initial Pretrial Report (IPTR) (Doc. No. 16), filed July 9, 2004.  In addition, discovery ended March 15, 2005 and the Court entered the Pretrial Order (Doc. No. 50) on April 27, 2005. *See* Order (Doc. No. 31), filed Dec. 28, 2004.

A. Fed. R. Civ. P. 37(c)(1)

The Defendants argue that under Rule 37(c)(1) the Court should exclude additional opinions Mr. Atkinson expressed during his February 18, 2005 deposition[2] indicating (1) that Defendant Isaacs was driving over 85 miles per hour at the time of the accident and (2) that Defendant Isaacs was probably impaired at the time of the accident by fatigue, drugs or alcohol, or a diabetic issue.  The Defendants also ask the Court to exclude Mr. Atkinson's opinions in his September 29, 2004 expert report, because Mr. Atkinson failed to disclose in his report the transportation industry standards he relied upon in making his original opinions and only provided the cover page of a government publication.

Rule 37(c)(1) provides:

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.

Rule 26(a)(2) requires that expert reports "contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions ...."   Rule 26(e)(1) requires that expert witnesses supplement their reports "by the time the party's disclosures under Rule 26(a)(3) are due."   Under Rule 26(a)(3), witness and exhibit disclosures are due at least 30 days prior to trial unless otherwise ordered by the Court.

Mr. Atkinson stated at his deposition that his opinions regarding Defendant Isaacs' speed and possible impairment were not arrived at until after he examined Defendant Isaacs' deposition

[2]At the time of Mr. Atkinson's deposition, trial was set for June 6, 2005.  *See* IPTR.

2

testimony, Plaintiff Herman Mackey's deposition testimony, Mr. Hayes' report, and Mr. Hutson's report, documents which he did not receive until February 16, 2005.[3]  Mr. Atkinson was under an obligation to supplement his report after considering these documents and forming new opinions. Mr. Atkinson arguably did just that two days after receiving those documents at his February 18, 2005 deposition when he gave his speed and impairment opinions.  *See* Advisory Committee Notes for Rule 26, 1993 Amendments, Subdivision (e)(there is no further obligation to supplement an expert report "when an expert during a deposition corrects information contained in an earlier report.").  Moreover, this supplement would have been timely considering that it occurred before the end of discovery, before the deposition of Mr. Hayes, and approximately four months before trial.

Even if Mr. Atkinson's additional opinions and failure to disclose data or other information in his report amounted to violations of Rule 26(a)(2), the Court nonetheless has broad discretion to allow those opinions under Rule 37(c)(1), if the Rule 26(a)(2) violations are substantially justified or harmless.  *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir.), *cert. denied*, 537 U.S. 1066 (2002).  Although the Court does not need to make explicit findings regarding the existence of substantial justification or harmlessness, the Court should consider "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'"  *Id*. at 953 (quoting

---

[3]The depositions of Defendant Isaacs and Plaintiff Herman Mackey were taken in November 2004; Mr. Hayes' report was due in October 2004; and Mr. Hutson's report was dated January 5, 2005.  A reference to a diabetic issue may have been raised in September 2004 but Plaintiff Herman Mackey's deposition testimony discussed the diabetic issue in more detail.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999)).

Even though Mr. Atkinson's additional opinions stated at his deposition probably surprised Defendants' counsel, Defendants' counsel had the ability to cure that surprise by examining Mr. Atkinson at the deposition.  With respect to Mr. Atkinson's alleged failure to provide standards, data, and information in his report, this failure was cured at his deposition when several exhibits were submitted to Defendants' counsel in support of Mr. Atkinson's report. In addition, Defendants' counsel had an opportunity to obtain rebuttal opinions from Mr. Hayes (approximately three and a half weeks of discovery remained after Mr. Atkinson's deposition). Moreover, there are no allegations that allowing all of Mr. Atkinson's opinions would disrupt the trial or that there are issues regarding bad faith or willfulness.  The Court, therefore, finds that if not substantially justified, the alleged violations of Rule 26(a) were at the very least harmless. Consequently, Rule 37(c)(1) does not preclude the opinions of Mr. Atkinson.

B.  Fed. R. Evid. 702

The Defendants also argue that Mr. Atkinson is not qualified to testify regarding his speed and impairment opinions nor are those opinions based upon fact or a reliable methodology.  Fed. R. Evid. 702 provides that

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

An expert's opinion is considered unreliable if it is based upon "mere 'subjective belief or unsupported speculation.'"  *Goebel v. Denver and Rio Grande Western R. Co.*, 346 F.3d 987,

991 (10th Cir. 2003)(quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590

(1993)).  Educated guesses will not satisfy Rule 702.  *Mitchell v. Gencorp Inc.*, 165 F.3d 778,

781 (10th Cir. 1999).

In making his speed opinion, Mr. Atkinson stated that he did not use a reconstructive

analysis although he is qualified to do so, because he was not asked to do that kind of analysis.

Mr. Atkinson based his speed opinion on a diagram of the skid marks, the reported damage of the

vehicles, the distance in which Plaintiff Herman Mackey's tractor-trailer was pushed at the time of

the accident, and Plaintiff Herman Mackey's testimony about his speedometer reading.  Mr.

Atkinson, however, admitted that he was only "estimating" the speed of Defendant Isaacs'

tractor-trailer because he had not reconstructed the accident scene nor had he "crunched" the

numbers using the weights of the vehicles, the coefficient of friction, override and underride

information, and the specific grade of the road.  Mr. Atkinson further stated that his conclusion

about speed was reached through his 20-plus years of experience and "sense as to what's going

on."  In other words, Mr. Atkinson did not use a reliable methodology to make his speed opinion

and was making only an educated guess.  Mr. Atkinson's speed opinion should, therefore, be

excluded for failing to comply with Rule 702.

When asked about the basis for his impairment opinion, Mr. Atkinson admitted that there

was no evidence of intoxication or that Defendant Isaacs was under the influence of a mind-

altering drug.  Considering the clear road conditions, the sight distance, and the size of Plaintiff

Herman Mackey's truck, Mr. Atkinson concluded that Defendant Isaacs was impaired "by

something" including possible fatigue or a diabetic issue.  Mr. Atkinson merely guessed that

fatigue may have been a cause of this accident.  Mr. Atkinson had no credible, reliable evidence

5

that Defendant Isaacs had been sleep-deprived prior to the accident.  Mr. Atkinson's opinion about a diabetic issue was based on the deposition testimony of Plaintiff Herman Mackey who said that he overheard an ambulance attendant speaking to Defendant Isaacs about the last time he had used insulin and why he had not used insulin.  Plaintiff Herman Mackey also indicated in his deposition testimony that he overheard other conversations at the hospital about Defendant Isaacs' diabetes.  All the evidence Mr. Atkinson had regarding a possible diabetic issue was vague hearsay.  Consequently, the existence of a diabetic issue had not been established by credible, reliable evidence.  Mr. Atkinson's impairment opinion is, therefore, based on speculation and insufficient facts and should be excluded for failing to comply with Rule 702.

C.  Plaintiffs' Request to Limit Mr. Hayes' Expert Testimony

The Plaintiffs' request to limit Mr. Hayes' expert testimony to his report is unfounded and based on a lack of legal argument.  Accordingly, Plaintiffs' request to limit Mr. Hayes' expert testimony should be denied.

IT IS ORDERED that:

1.  Defendants' Motion to Exclude Testimony of Expert Arthur L. Atkinson (Doc. No. 48) is granted in part in that Mr. Atkinson is precluded from expressing opinions about the speed of Defendant Isaacs' tractor-trailer prior to colliding with Plaintiff Herman Mackey's tractor-trailer, and Mr. Atkinson is precluded from testifying as to any possible physical or mental impairment Defendant Isaacs may have had just prior to the accident; and

2.  Plaintiffs' request to limit Mr. Hayes' testimony to his report is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE